UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

12/13/19

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:19-cr-215-J-39 PbB

DAVID FUNES

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, and the defendant, DAVID FUNES, and the attorney for the defendant, David Makofka, Esquire, mutually agree as follows:

### A.    Particularized Terms

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One, Three, and Five of the Information.  Count One charges the defendant with conspiracy to commit health care fraud, in violation of 18 U.S.C. §1349.  Count Three charges the defendant with receipt of a kickback in connection with a federal health care benefit program, in violation of 42 U.S.C. §1320a-7b(b)(1)(A). Count Five charges the defendant with an illegal monetary transaction, in violation of 18 U.S.C. §§1957 and 2.

Defendant's Initials ___DF___                    AF Approval ℬℐ

2. Maximum Penalties

Count One carries a maximum sentence of not more than ten years, a fine of not more than $250,000, or both imprisonment and fine, a term of supervised release of not more than three years, and a mandatory special assessment of $100, said special assessment to be due the date of sentencing. A violation of the terms and conditions of supervised release is punishable by a term of not more than two years imprisonment as well as the possibility of an additional term of supervised release.

Count Three carries a maximum sentence of not more than five years, a fine of not more than $250,000, or both imprisonment and fine, a term of supervised release of not more than three years, and a mandatory special assessment of $100, said special assessment to be due the date of sentencing. A violation of the terms and conditions of supervised release is punishable by a term of not more than two years imprisonment as well as the possibility of an additional term of supervised release.

Count Five carries a maximum sentence of not more than ten years, a fine of not more than $250,000, or both imprisonment and fine, a term of supervised release of not more than three years, and a mandatory special assessment of $100, said special assessment to be due the date of sentencing. A violation of the terms and conditions of supervised release is punishable by

Defendant's Initials __DF__                    2

a term of not more than two years imprisonment as well as the possibility of an additional term of supervised release.

3. <u>Elements of the Offense(s)</u>

    The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

    The elements of Count One are:

> <u>First</u>:  two or more persons, in some say or manner, agreed to try to accomplish a common and unlawful plan to commit health care fraud, as charged in the Information; and,
>
> <u>Second</u>: the Defendant knew the unlawful purpose of the plan and willfully joined in it.

    The elements of Count Three are:

> <u>First</u>:  The defendant asked for or received any remuneration (including any kickback, bribe, or rebate) directly or indirectly, openly or secretly, in cash or in kind;
>
> <u>Second</u>:  The payment asked for or received was in return for one of the following:
>
>> a.  Referring an individual to a person for the furnishing or arranging for the furnishing of an item or service that could be paid for, in whole or in part, by a Federal health care program; or
>>
>> b.  Purchasing leasing, ordering or arranging for or recommending purchasing, leasing, or ordering, any good, facility, service, or item that could be paid for, in whole or in part, by a Federal health care program;

Defendant's Initials __DF__               3

<u>Third</u>:  The program was a federal health care program; and

<u>Fourth</u>:  The defendant did so knowingly and willfully.

The elements of Count Five are:

<u>First</u>:  The defendant knowingly engaged or attempted to engage in a monetary transaction;

<u>Second</u>:  the defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

<u>Third</u>:  the property had a value of more than $10,000;

<u>Fourth</u>:  the property was in fact proceeds of health care fraud, conspiracy to commit health care fraud and soliciting and receiving kickbacks, and

<u>Fifth</u>:  the transaction took place in the United States.

4.  <u>Indictment Waiver</u>

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.  <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is

Defendant's Initials ___DP___                    4

not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

6. Mandatory restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § § 3663A(a) and (b), defendant agrees to make full restitution to the U.S. Department of Defense, Defense Health Agency (TRICARE).

7.  <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting

Defendant's Initials ___DF___                6

the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. Use of Information - Section 1B1.8

Pursuant to USSG § 1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG § 1B1.8(b).

9. Cooperation - Responsibilities of Parties

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation

Defendant's Initials  OP                    7

that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

      b.     It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

      (1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

      (2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses

Defendant's Initials _DP_           8

punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

Defendant's Initials __OF__                    9

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

10.  Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(7) and 18 U.S.C. § 982(a)(1), whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the sum of at least $1,032,175.22 in proceeds the defendant admits he obtained as the result of the commission of the offenses charged in Counts One and Three and which were involved in money laundering as charged in Count Five, to which the defendant is pleading guilty.  The United States will collect not more than the sum of $680,175.22 collectively from the defendant and co-defendant, Jeremiah Bezroukoff, and the defendant agrees that he is

Defendant's Initials ___OF___                    10

individually liable for the additional sum of $352,000.00.  Further, the defendant further consents to the filing of a motion by the United States for immediate entry of an order of forfeiture of proceeds.

The defendant acknowledges and agrees that: (1) the defendant obtained this amount as a result of the commission of the offenses, and (2) as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence.  Therefore, the defendant agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit any other property of the defendant (substitute assets), up to the amount of proceeds the defendant obtained, as the result of the offenses of conviction.  The defendant further consents to, and agrees not to oppose, any motion for substitute assets filed by the United States up to the amount of proceeds obtained from commission of the offenses.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant additionally agrees that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct

discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2 (b) (3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets.

The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing.  In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant's Initials _DF_                    13

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including the forfeiture of any substitute assets, is final.

**B.     Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to

Defendant's Initials __OF__                    14

any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon

Defendant's Initials _DP_          15

release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he/she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly

Defendant's Initials __OF__                    17

authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _DP_                    18

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials __DF__                    19

9.  Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.  Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process

Defendant's Initials _DF_                    20

for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea

Defendant's Initials ___DP___                 21

and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this **12** day of ~~September,~~ October, 2019.

MARIA CHAPA LOPEZ
United States Attorney

_____          _____
DAVID FUNES                                          JULIE HACKENBERRY
Defendant                                               Assistant United States Attorney

_____          _____
DAVID MAKOFKA, Esquire              AMANDA L. RIEDEL
Attorney for Defendant                    Assistant United States Attorney
                                                           Deputy Chief, Criminal Division

Defendant's Initials **DF**                    22

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:19-cr-

DAVID FUNES

## PERSONALIZATION OF ELEMENTS

Count One

1. From in or about May 2014, through in or about August 2015, in the Middle District of Florida, and elsewhere, did you, in some way, agree with others to try to accomplish a shared and unlawful plan to commit health care fraud, as charged in the Information?

2. Did you know the unlawful purpose of the plan and willfully join in it?

Count Three

1. On or about January 2, 2015, in the Middle District of Florida, and elsewhere, did you ask for or receive any remuneration, directly or indirectly, openly or secretly, in cash or in kind?

2. Was the payment that you asked for or received in return for referring an individual to a person for the furnishing of an item or service that could be paid for, in whole or in part, by a Federal health care program?

3. Was TRICARE a federal health care program?

4. Did you do so knowingly and willfully?

Defendant's Initials ___DF___

Count Five

1.  On or about July 14, 2015, did you knowingly engage in a monetary transaction?

2.  Did you know that the transaction involved funds that were the proceeds of some illegal activity?

3.  Did the property have a value of more than $10,000?

4.  Was the property in fact proceeds of health care fraud, conspiracy to commit health care fraud, and soliciting and receiving kickbacks?

5.  Did the transaction take place in the United States?

Defendant's Initials __DP__                    2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:19-cr-

DAVID FUNES


### FACTUAL BASIS[1]

From approximately May 2014 through approximately August 2015,
the defendants, Jeremy Bezroukoff, David Funes, and others, conspired to
execute a scheme to defraud TRICARE, a health care benefit program as
defined in 18 U.S.C. § 24(b), affecting commerce, in violation of 18 U.S.C.
§ 1349. Bezroukoff was a patient recruiter, doctor recruiter, and pharmacy
recruiter for co-conspirator A. Co-conspirator A owned and operated
Company 1, which was a marketing firm that employed sales representatives
to market various compound cream medications, specifically creams for pain
and scars, among others, to TRICARE beneficiaries. Funes was a patient
recruiter and doctor recruiter for co-conspirator A, and worked closely with
Bezroukoff. Company 1 focused its promotional efforts on TRICARE

---

[1] The assigned Assistant United States Attorney prepared the Factual Basis. It is intended as a
correct version of the facts supporting the offense to which the defendant is pleading guilty, and as an
aid to the Court performing its function pursuant to Rule 11, Federal Rules of Criminal
Procedure. The Factual Basis is not intended to be a statement of the defendant, and it does not
contain every fact pertinent to the case nor all of the defendant's knowledge of the fraud committed
in this case.

Defendant's Initials ___DF___

beneficiaries based upon an understanding and belief that TRICARE would pay claims for these compounded creams. Bezroukoff and Funes recruited other individuals to recruit patients and recruiters to obtain prescriptions for compounded medications.

During and in furtherance of the conspiracy, Bezroukoff agreed with Dr. Felmor Agatep that Dr. Agatep would write compound cream prescriptions for TRICARE beneficiaries, without having legitimate provider-patient interactions. In exchange, Bezroukoff agreed to pay and paid Dr. Agatep $100 per prescription. Between December 12, 2014 and January 30, 2015, Dr. Agatep issued 268 prescriptions for TRICARE beneficiaries for which TRICARE paid $4,398,553.48, in total, to the various pharmacies that filled those prescriptions, including Pharmacy 1 and Pharmacy 2.

Additionally, Bezroukoff and Funes operated a telemarketing call center for Company 1 at a storefront location in Jacksonville, Florida. Bezroukoff, Funes, and other co-conspirators used the telemarketing call center to fraudulently generate prescriptions for compound medications purportedly prescribed to TRICARE beneficiaries. The prescriptions then were processed, filled and billed by various pharmacies. In truth and in fact, no provider lawfully ~~actually~~ prescribed these compound medications to the TRICARE beneficiaries.

Defendant's Initials _DF_                2

Co-conspirator A, Bezroukoff, and Funes worked with several compounding pharmacies in the Middle District of Florida and elsewhere. Co-conspirator A, Bezroukoff, Funes, and other patient recruiters received a percentage of each claim paid by TRICARE for each filled prescription for the compounded cream, a percentage of which was passed on to lower level recruiters who obtained the TRICARE beneficiary's information that was used to generate the fraudulent prescription and resulting claim.

Between in or about September 2014 through in or about May 2015, Bezroukoff referred at least 450 compound prescriptions written for TRICARE beneficiaries to be filled by various pharmacies, of which at least 87 were referred to Pharmacy 1, at least 146 were referred to Pharmacy 2, and at least 217 were referred to Pharmacy 3 to be filled and billed to TRICARE. Between September 2014 and June 215, through Company 1, Pharmacy 1, Pharmacy 2, and Pharmacy 3, Bezroukoff knowingly received at least $947,343.61 in kickbacks as a result of claims paid by TRICARE to the various pharmacies for compound pain medications. Once such kickback payment totaling $89,744.66 was made to Bezroukoff on January 21, 2015, from Pharmacy 1. Bezroukoff obtained prescriptions for compound pain medications in his name, which were filled at Pharmacy 1 and were billed to TRICARE, totaling $60,093.71.

Between in or about July 2014 and May 2015, Funes referred at least 270 compound prescriptions written for TRICARE beneficiaries to be filled by various pharmacies, of which at least 44 were referred to Pharmacy 1, at least 9 were referred to Pharmacy 2, and at least 217 were referred to Pharmacy 3 to be filled and billed to TRICARE. Between July 2014 and June 2015, through Company 1, Pharmacy 1, Pharmacy 2 and Pharmacy 3, Funes knowingly received at least $369,592.79 in kickbacks as a result of claims paid by TRICARE to the various pharmacies for compound pain medications. One such kickback payment totaling $26,026.39 was made to Funes on January 2, 2015, from Pharmacy 1.

In order to conceal the proceeds they were receiving through this fraudulent scheme, Bezroukoff and Funes each engaged in monetary transactions affecting interstate commerce, by, through, and to a financial institution in amounts in excess of $10,000. Specifically, on June 27, 2015, Bezroukoff withdrew $200,000 via a check drawn on his Wells Fargo account ending in 5218, and then deposited it into his Bank of America account ending in 9492. On July 14, 2015, Funes executed a wire transfer of $111,077.07 from his VyStar account ending in 0474 to his Wells Fargo account ending in 3280. Those funds were derived from Bezroukoff's and Funes' involvement in the conspiracy to commit health care fraud and soliciting and receiving kickbacks.

Defendant's Initials __DF__                    4