UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO. 3:19-cr-215-MMH-PDB

DAVID FUNES

**UNITED STATES' UNOPPOSED MOTION
FOR ENTRY OF AN ORDER OF FORFEITURE**

The United States moves the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(7), and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture in the amount of $1,032,175.22, representing the amount of proceeds the defendant obtained as a result of the conspiracy to commit health care fraud and receipt of health care kickbacks.  In support thereof, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.   Statement of Facts**

   **A.   Allegations Against the Defendant**

   1.   On November 26, 2019, the defendant was charged in a multi-count Information.  Counts One and Three are pertinent to this motion.  Count One charged the defendant with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. Count Three charged the defendant with receipt of a kickback in

connection with a federal health care benefit program, in violation of 42 U.S.C. § 1320a-7(b)(1)(A).  Doc. 1.

2. The Information also contained forfeiture allegations, which provided notice to the defendant that pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(7), the United States would seek an order of forfeiture for the sum of at least $1,032,175.22 representing the amount of proceeds the defendant obtained as a result of the commission of the offenses.  *Id.* at 9-11.

**B. Finding of Guilt and Admissions Related to Forfeiture**

3. On December 13, 2019, the defendant pleaded guilty to Counts One, Three and Five of the Information.  Docs. 24, 25.  The Court accepted the defendant's plea and adjudicated him guilty.  Doc. 31.  The defendant's sentencing is currently scheduled for November 8, 2021.  Doc. 45.

4. In his Plea Agreement, the defendant agreed to forfeit at least $1,032,175.22 in proceeds he admitted he obtained as a result of the commission of the offenses charged in Counts One and Three (the defendant agreed that he is individually liable for $352,000.00 and the remaining $680,175.22 is jointly owed by the defendant and co-defendant, Jeremiah Bezroukoff). Further, the defendant consented to the filing of a motion by the United States for immediate entry of an order of forfeiture.  Doc. 24 at 10-11.

5. In the Factual Basis of his Plea Agreement, Doc. 24 at 1-4, establishes the defendant conspired to commit health care fraud, in violation of 18 U.S.C. §

1349 and received a kickback in connection with a federal health care benefit program, in violation of 42 U.S.C. § 1320a-7(b)(1)(A) and obtained proceeds from his involvement in offenses.

6. The defendant further agreed that as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Doc. 24 at 11.

## II. Applicable Law

### A. Forfeiture Authority

The Court's authority to order forfeiture of property upon conviction of a conspiracy, in violation of 18 U.S.C. § 1349, to commit health care fraud (18 U.S.C. § 1347), is governed by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provides for the for the civil forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7)(F) of Title 18), or a conspiracy to commit such offense (specifically 18 U.S.C. § 1347). *See* 18 U.S.C. § 981(a)(1)(C). A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7)(F) includes any act or activity constituting an offense involving a "Federal health care offense." "Federal health care offense," in turn, is defined in 18 U.S.C. § 24 to include violation of 18 U.S.C. § 1347 and 1349 relating to health care benefit programs. Pursuant to 28 U.S.C. § 2461(c), the United States is

authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of such property are governed by 21 U.S.C. § 853.

The United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

Further, the Court's authority to order forfeiture of property upon conviction of receipt of a kickback in connection with a federal health care benefit program, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A), is governed by 18 U.S.C. § 982(a)(7), which provides for criminal forfeiture of any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission the offense.

**B.    Court's Determination of Forfeiture**

Fed. R. Crim. P. Rule 32.2 governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture.  Rule 32.2(b)(1)(A) requires that as soon as practical after a verdict or finding of guilty on any count in an indictment or information for which criminal forfeiture is sought, the Court must determine what property is subject to forfeiture under the applicable statute.

For cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the

United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008). Rule (b)(1) provides that, where the government seeks an order of forfeiture, the Court must determine the amount of money that the defendant will be ordered to pay.

The defendant admitted that he has dissipated the criminal proceeds that he obtained from his offense. Doc. 24 at 11. Because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from his participation in the conspiracy, the United States seeks an order of forfeiture against the defendant in the amount of $1,032,175.22, pursuant to Rule 32.2(b)(2). As the defendant has agreed, he obtained $1,032,175.22 in proceeds as a result of his participation in a conspiracy to commit health care fraud and receipt of health care kickbacks. If the Court finds that at least $1,032,175.22 was obtained by the defendant, and that he has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III. Conclusion

For the reason stated above, the United States requests that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(7), and Fed. R. Crim. R. 32.2(b)(2), the Court enter an Order of Forfeiture against the defendant for the $1,032,175.22.

The United States further requests that, because the $1,032,175.22 was dissipated by the defendant, the United States may seek as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1), forfeiture of any of the defendant's property up to the value of $1,032,175.22.

The United States further requests that, in accordance with his Plea Agreement, the order of forfeiture become final as to the defendant at the time it is entered.   Doc. 24 at 12.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any

substitute assets forfeited to the United States up to the amount of the order of forfeiture.

                Respectfully submitted,

                KARIN HOPPMANN
                Acting United States Attorney

By:   *s/Mai Tran*
       MAI TRAN
       Assistant United States Attorney
       Florida Bar No. 100982
       300 N. Hogan Street, Suite 700
       Jacksonville, Florida 32202
       Telephone: (904) 301-6300
       Facsimile: (904) 301-6310
       E-Mail: mai.tran2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney
